IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN WAYNE QUICK, ) | |
| ID # 1243617, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:14-CV-3008-B-BH |
| ) | |
| WILLIAM STEPHENS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Relief from A Final Judgment*, received on April 24, 2015 (doc. 23). Based on the relevant filings, evidence and applicable law, the motion should be **DENIED.**

**I. BACKGROUND**

On July 23, 2014, Steven Wayne Quick (Petitioner) filed a "Petition for Writ of Habeas Corpus" challenging his state court conviction for unlawful restraint. (*See* doc. 1). By order and judgment dated January 6, 2015, his filing was determined to be a successive petition for writ of habeas corpus under 28 U.S.C. § 2254, and the case was transferred to the Fifth Circuit Court of Appeals. (*See* docs. 15, 19, 20.) The Court of Appeals denied Petitioner authorization to file a successive habeas petition on February 20, 2015. *In re Steven Wayne Quick,* No.15-10022 (5th Cir. Feb. 20, 2015). Petitioner now seeks relief from judgment under Rule 60. (*See* doc. 23 at 1.)

**II. RULE 60(b)**

Petitioner specifically invokes Rule 60(b)(3) in support of his motion for relief from the final judgment in this case dated January 6, 2015. (*See* doc. 23 at 2.)

Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6). "A party making a rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *In re Isbell Records, Inc.*, 774 F.3d. 859, 869 (5th Cir. 2014) (citing *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (emphasis, internal quotation and citation omitted).

Petitioner alleges that during the underlying state criminal proceedings in 2004, he was subjected to "complete chaos . . . due to the fact that the prosecutor ensued to litigate a totally different charge", appointed counsel failed to object, and the trial judge was "obviously incoherent to what was happening right in front of him." (doc. 23 at 2.) Petitioner provides no evidence, much less clear and convincing evidence, that his vague allegations prevented him from pursuing his § 2254 case in federal court, and that he is entitled to relief from the judgment in his § 2254 case on this basis.  Petitioner's motion under Rule 60(b)(3) should be denied.

Petitioner has not otherwise alleged mistake, newly discovered evidence, fraud, or a void or satisfied judgment that would entitle him to relief from the judgment entered in his § 2254 case under Rule 60(b)(1)-(5).  Although he does not cite to Rule 60(b)(6), his motion may also be

2

construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Petitioner now essentially re-urges the same issues he raised in his habeas petition, which has already been determined to be successive and transferred to the Court of Appeals. While he disagrees with the decision made in his case, he was given a fair opportunity to present all of his claims. After this case was transferred, Petitioner was given an opportunity to seek authorization to file a successive § 2254 petition, and he failed to do so. Petitioner has made no arguments to show that he is entitled to relief from this Court's order and judgment transferring this case to the Court of Appeals. His motion for relief under Rule 60(b)(3) should be denied.

### III. RULE 60(d)(3)

Petitioner also alleges a "blatant act of fraud on the Court which should satisfy the requirement of Rule 60(d)(3)." (doc. 23 at 3.) He specifically references an "Anders Brief" filed by appointed counsel on appeal.

Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." While motions brought pursuant to Rule 60(b) are subject to a "reasonable time" requirement:

> Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar. The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace [s] ... the species of fraud which does or attempts to [ ] defile the court itself." *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.1989).

*Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir.2009) (internal footnote omitted). Petitioner has not alleged any facts that rise to the required level of egregious misconduct. Relief under this rule is not warranted, and the motion should be denied.

### IV. SUMMARY JUDGMENT

Petitioner also moves for summary judgment, contending that "there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." (doc. 23 at 3.)

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists

4

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED.R.CIV.P. 56(c).

Here, Petitioner has not shown grounds to set aside the January 6, 2015 judgment finding that his § 2254 petition is successive and transferring it to the Court of Appeals. He has therefore not shown that summary judgment may be entered in his favor. Nor do his conclusory statements show that he would be entitled to summary judgment even if he had stated grounds to set aside the judgment. His motion for summary judgment should also be denied.

## V. RECOMMENDATION

Petitioner's motions should be **DENIED.**

**SIGNED** this 29th day of April, 2015.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
 NOTICE OF RIGHT TO APPEAL/OBJECT**

       The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                                  IRMA CARRILLO RAMIREZ
                                                                          UNITED STATES MAGISTRATE JUDGE